THE STATE OF CONNECTICUT *vs.* FREDERICK SCHEIDLER.

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and GAGER, Js.

Chapter 231 of the Public Acts of 1915, commonly called the Motor Vehicle Act, provides for the registering, numbering, use and speed of automobiles upon the highways of this State, and the licensing of their operators, and is intended to be exclusive; and § 16 forbids any city, town, or borough, from passing any ordinance or by-law respecting the regulation or use of motor-vehicles. *Held* that while a municipality might pass a valid ordinance requiring a license for the business of transporting passengers for hire, by whatever vehicle carried, it could not require the owner of automobiles which carried passengers within the city limits for twenty cents or less to pay a license fee in order to use the automobile, and another license fee for its driver, since such requirements were clearly an attempt to regulate the use of these automobiles, and therefore in violation of the Act of 1915.

Nor can such an ordinance be sustained under an earlier charter provision which is inconsistent with the terms of the subsequent Act of 1915.

Argued November 1st—decided December 19th, 1916.

INFORMATION for using and driving a so-called jitney in the city of Norwalk without having obtained a license therefor as required by an ordinance of said city entitled "An Ordinance for the Regulation and Licensing of Certain Public Conveyances," brought to the City Court of Norwalk and thence, by the defendant's ap-

peal, to the Criminal Court of Common Pleas in Fairfield County where a demurrer to the information was sustained and judgment rendered for the accused (*Scott, Acting-Judge*), from which the State, with the consent of the trial judge, appealed. *No error.*

*Frederick W. Huxford,* Prosecuting Attorney, and *Louis Goldschmidt,* for the appellant (the State).

*Joseph R. Taylor* and *John T. Dwyer,* for the appellee (the accused).

THAYER, J. The ordinance in question provides, § 1, that "no motor vehicle other than a street railway car, and motor vehicles on which the minimum charge for conveyance within the limits of the City of Norwalk is more than twenty cents, shall be used or employed as a public conveyance to convey any person or persons through the public streets of the City of Norwalk for hire, excepting in accordance with the provisions of this ordinance, and unless under authority of and pursuant to a license for such vehicles and for each driver thereof, as hereinafter provided." It also provides that the chief of police of the city of Norwalk shall, on application and the payment of $10, issue a license to the owner of any suitable motor vehicle, to use and employ the same as a public conveyance, for the transportation of persons upon the streets of the city for hire, and provides what the license shall contain. It further provides that the same officer shall issue drivers' licenses to the owners of such vehicles, and to such person or persons as shall, with the consent of such owner, and in his employment, apply therefor, after being satisfied that such applicants are, by experience, fit to receive such license; and the officer is empowered to require from the applicant a demonstration of his

The State *v.* Scheidler.

ability to manage the vehicle. The ordinance provides also the terms which this license shall contain, and provides that no vehicle license shall be issued until the applicant shall have executed and delivered to the chief of police a bond, with good and sufficient surety, conditioned for the payment of any judgment which may be obtained against the principal by any person, for any cause growing out of the relation of passenger and carrier existing between them. The ordinance further provides for the display upon the licensed vehicles of the license number, and that the operator shall carry with him his license to operate, and also display a badge giving the number of his license conspicuously upon his person while driving the vehicle. It also provides the number of persons or passengers who shall ride upon any such licensed vehicle when used and employed as a public conveyance, and that the driver thereof shall not permit any person or passenger to ride upon the steps, top, running boards, fenders or doors of such vehicle, and it regulates the manner in which the driver shall draw up to the curb in discharging or receiving passengers, and designates certain portions of certain highways in the city where such vehicles shall not be parked. Violations of the ordinance are declared to be misdemeanors, and it is provided that persons violating its provisions shall be fined.

The ordinance, as appears by its title and first section, relates to the regluation and licensing of those motor-vehicles used as public conveyances for passengers within the city of Norwalk at a minimum charge of twenty cents or less per passenger. Street-railway cars, and motor-vehicles used as such conveyances and charging more than twenty cents per passenger, are not affected by the ordinance.

The complaint is in two counts, the first charging the

accused with a violation of the ordinance in that he used a motor-vehicle as such a conveyance at a minimum fare per person of five cents without having obtained a license to use and employ the same as such conveyance; the second count charges a violation of the ordinance in that the accused drove the motor-vehicle without having obtained a driver's license to drive and operate it. It is to be taken as admitted by the demurrer that these allegations of fact are true. The defendant's claim is that the ordinance is void because in conflict with the Constitution of this State and of the United States, and also because it conflicts with § 16 of Chapter 231 of the Public Acts of 1915 (p. 2058). The demurrer was sustained, we think correctly, upon the last-named ground, and it will not be necessary for us to consider the others.

Chapter 231 of the Public Acts of 1915, called the Motor-Vehicle or Automobile Act, provides for the registering, numbering, use and speed of motor-vehicles upon the highways of the State, and the licensing of the operators of such vehicles, and is intended to be exclusive. Section 16 provides that no city, town, or borough, or any board or officer thereof, shall make any ordinance, by-law, or resolution respecting the speed of such vehicles, or respecting the regulation, use, lighting, or other equipment of the same, or respecting the use of any equipments or accessories upon motor-vehicles. It was intended by this legislation to identify the vehicle and its owner and operator, to provide what appliances should be used upon the former, and to have a uniform law throughout the State relating to the conduct of the operators while operating the vehicle, and regulating the use of the vehicles and their appliances upon the highways. Without compliance with these requirements of the law such vehicles are made nuisances upon the highway

and outside of the protection of the law. By compliance with the regulations they and their drivers are lawfully upon the highway, having the same rights as other vehicles with their drivers and no more. The purpose of § 16 was to prevent local legislation by cities, towns and boroughs affecting such use of motor-vehicles. But it cannot have been the purpose to favor them above other vehicles, nor to exempt the owners or drivers from local license fees when employing them upon the highways in licensed occupations. A carrier of passengers for hire, for instance, cannot, by employing a motor-vehicle in his business, exempt himself from paying a license in a city where the ordinances forbid the prosecution of such business by unlicensed persons. The case before us is not such a case. The ordinance in question does not provide for the licensing of the business of carrying passengers for hire at any price. When vehicles other than motor-vehicles are employed in the business no license is required. When motor-vehicles are employed no license is required if a charge of more than twenty cents per person is exacted from the passengers. If twenty cents or less is exacted the owner must have a license, but not a license to conduct the business. He must have two licenses, one to use the motor-vehicle and one for the driver to drive it. It does not appear in this case whether the motor-vehicle used by the accused was a commercial motor-vehicle or not, except that it is said in the complaint that it was an automobile, but it makes no difference. It might have been a commercial motor-vehicle. The Automobile Act defines such vehicles and provides for their registration, etc., the same as other motor-vehicles, except that the registration fee is not the same. Among the commercial vehicles within the definition are all those which are designed and used as omnibusses for the transportation of passengers on

the payment of individual fares. It thus appears that the legislature contemplated the registration of motor-vehicles used for the carriage of passengers for hire and exacted a registration fee for vehicles so used and a license fee for the driver thereof. This is precisely what the ordinance under consideration does. It provides for the payment of a license fee for using the vehicle to do what the State authorized it to be used for, and the payment of a driver's license fee for driving the car which the State had licensed him to drive. It requires more than the State required, for it provides that the license shall not be issued until the person licensing the vehicle executes a bond with surety to pay any judgment which may be rendered against him growing out of the relation existing between him and his passengers. It also limits the number of passengers to be carried, and makes other provisions as to the manner in which the vehicle shall be used, how it shall be marked, and how conducted upon the street. The ordinance is clearly an attempt to regulate the use of the vehicle, and apparently was understood to be so, for its title describes it as an ordinance to regulate and license certain public conveyances. A license may be imposed for the purposes of regulation, and in the present case it was manifestly provided as a means in part of the regulation contemplated.

It is claimed that the ordinance in question, passed in July, 1916, was passed pursuant to § 80 of the city charter, passed as a private act in 1913 (16 Special Laws, p. 1063), which authorized the council of the city "to license and regulate public hacks, automobiles, and carriages, and the charges of hackmen, chauffeurs, public drivers, carmen and truckmen." So far as this provision is inconsistent with the later Public Act of 1915 to which reference has been made, it must give way to that Act and does not justify the passing of the

ordinance. As before stated, there is nothing in the Act of 1915 which prevents municipalities from regulating, by reasonable ordinances, the conduct of certain special occupations, like those of carrying passengers for hire, peddling, trucking, and the like.

There is no error.

In this opinion the other judges concurred.